UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL RICHARD FARMER,

    Plaintiff,

v.

    Hon. Sally J. Berens

COMMISSIONER OF SOCIAL SECURITY,

    Case No. 1:20-cv-562

    Defendant.

_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker may properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff filed an application for DIB on February 5, 2018, alleging that he had been disabled as of September 26, 2017, due to ankle/foot pain secondary to surgery complications, knee pain secondary to surgery to fix first surgery, psoriatic arthritis, situational depression and

anxiety, limited walking secondary to pain, and atrophy in his lower extremities. (PageID.105–06, 211–12.) He filed an application for SSI on February 17, 2018. (PageID.213–221.) Plaintiff was 39 years old at the time of his alleged onset date and when he filed his applications. (PageID.105.) Plaintiff had completed two years of college. (PageID.256.) Plaintiff's past relevant work was as a cardboard machine tender, fork truck operator, and shipping supervisor. (PageID.64, 256.) After Plaintiff's applications were denied, he requested a hearing before an ALJ.

On February 21, 2020, ALJ James J. Kent held a hearing and received testimony from Plaintiff and Joanne M. Pfeffer, an impartial vocational expert (VE). (PageID.71–103.) On August 19, 2019, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because he had not been disabled since his alleged onset date through the date of the decision. (PageID.52–66.) The Appeals Council denied Plaintiff's request for review on April 24, 2020. (PageID.38–40.) Therefore, the ALJ's ruling became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432,434 (6th Cir. 2007).

Plaintiff initiated this civil action for judicial review on June 19, 2020.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff had not engaged in substantial gainful activity since his alleged onset date, the ALJ found that Plaintiff suffered from severe impairments of left ankle tendon tear with repair and subsequent left superficial peroneal and sural nerve resections with continued neuropathy; degenerative disc disease of the cervical spine; psoriatic arthritis; obesity; and depression. (PageID.54.) At step three, the ALJ determined that Plaintiff did not have an

---

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.55–57.) The ALJ considered listings 1.02A, 1.04, and 14.09 with regard to Plaintiff's physical impairments and listings 12.04 and 12.06 as to his mental impairments. The ALJ also considered SSR 19-2p as to Plaintiff's obesity and its effects in combination with other impairments.

The ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except that:

> he can stand, walk four hours and sit up to six hours with a sit/stand option, alternatively at will, provided he would not be off task more than 10 percent of the workday and transitions from sitting to standing postures are within 20 to 30 minutes. Push/pull with the left lower extremity is limited to occasional. He can never climb ladders. He can occasionally climb ramps and stairs, stoop, balance, kneel, crouch, or crawl. He must avoid even moderate exposure to hazards such as dangerous moving machinery or unprotected heights. He can perform simple, routine, repetitive work.

(PageID.57–58.)

At step four, the ALJ found that Plaintiff was unable to perform his past relevant work. (PageID.64–65.) At step five, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the occupations of collator operator, document specialist, and power screwdriver operator, approximately 128,000 of which existed in the national economy. (PageID.65–66.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (stating that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## **DISCUSSION**

Plaintiff raises two issues in his appeal: (1) the ALJ erred by compiling an inaccurate RFC by using improper credibility conclusions to support it; and (2) the appointment of Nancy Berryhill

and then Andrew Saul as single Commissioners of the Social Security Administration who are removable only for cause and who serve a longer term than that of the President of the United States violates the separation of powers provision and thus causes the decision in this case to be constitutionally defective because the ALJ and the Appeals Council derived their authority from Commissioners Berryhill and Saul.[2] (ECF No. 19 at PageID.606–07.)

## I. Inaccurate RFC

Plaintiff contends that the ALJ erred in several respects in formulating his RFC. This argument is a conglomeration of several different issues. First Plaintiff argues that the ALJ failed to include greater limitations accounting for his significantly decreased capacity to persist or maintain pace in the work setting. He contends that a limitation of simple, routine, repetitive work did not accurately reflect his degree of limitation in these areas. (ECF No. 19 at PageID.619–20.) Relatedly, Plaintiff contends that the ALJ failed to properly assess the opinion of psychological consultative examiner Samantha Wheeler, Ph.D. (*Id.* at 620–21.) Finally, Plaintiff contends that the ALJ failed to properly evaluate his obesity in accordance with SSR 19-2p. (*Id.* at 621–22.)

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent

---

[2] Plaintiff raises another issue/argument regarding the ALJ's failure to consider his need for a cane for ambulation and a treatment note from a February 14, 2018 examination by Paul Gerard Talusan, M.D. (ECF No. 23 at PageID.654.) As Plaintiff raised this argument for the first time in his reply, thus depriving the Commissioner of an opportunity to respond, it is deemed waived "because a reply brief is not the proper place to raise new arguments." *Palmer v. Comm'r of Soc. Sec.*, No. 1:17-cv-577, 2018 WL 4346819, at *7 (W.D. Mich. Aug. 9, 2018) (citing *Bormuth v. Cnty. of Jackson*, 870 F.3d 494, 500 (6th Cir. 2017)), *report and recommendation adopted*, 2018 WL 4334623 (W.D. Mich. Sept. 11, 2018).

work schedule"). "An RFC is an 'administrative finding,' and the final responsibility for determining an individual's RFC is reserved to the Commissioner." *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442 (6th Cir. 2017). In determining a claimant's RFC, the ALJ considers medical source statements and all other evidence of record. 20 C.F.R. § 404.1545(a)(3). While the ALJ makes the RFC determination, that determination must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012).

First, the ALJ's decision and the record shows that he properly evaluated Plaintiff's subjective symptoms in accordance with 20 C.F.R. § 404.1529(c) and SSR 16-3p. Regarding treatment for his mental impairments, the ALJ observed that Plaintiff had received "little treatment"—limited to a brief period of mental health counseling—and generally had unremarkable mental status examinations with normal memory. (PageID.63–64.) The ALJ's findings in this regard were well supported, as Plaintiff's mental health records from December 2017 through April 2018 generally showed unremarkable mood, affect, thought process, orientation, and functioning. (PageID.497, 499, 501, 503, 505.) Other examinations reported similar findings. (PageID.559 (normal mood and affect, behavior, and thought content).) The ALJ noted that Plaintiff had attended therapy "a few times before his insurance ran out." (PageID.60, 497, 520.) He had sought counseling on his own for "situational depression due to multiple surgeries and family conflicts." (PageID.508.) The ALJ properly considered Plaintiff's conservative treatment in concluding that his mental limitations were not as limiting as Plaintiff alleged. *See Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 638 (6th Cir. 2016) (noting that the plaintiff's "routine and/or conservative treatment for the allegedly disabling impairments" was a proper basis to discount his allegations of pain). The ALJ also relied on the opinion evidence in determining Plaintiff's RFC, including the opinion of State agency psychological consultant Larry

Irey, Ph.D. Dr. Irey opined that Plaintiff retained the capacity to perform simple, routine tasks on a sustained basis. (PageID.117–18.) The ALJ found this opinion persuasive, as it was consistent with generally normal mental status examinations and a lack of treatment. (PageID.64.) The ALJ properly relied on this opinion in evaluating Plaintiff's subjective symptoms, or credibility. *See*, *e.g.*, SSR 16-3p, 2016 WL 1119029, at *4, 6-7 (March 16, 2016) (as part of the subjective symptom evaluation, ALJ may consider objective medical evidence, medical opinions, daily activities, type of treatment and its effectiveness).

To the extent Plaintiff contends that the ALJ's step-three finding that Plaintiff was moderately limited in concentrating, persisting, or maintaining pace required additional restrictions, his argument lacks merit. As the ALJ noted, his step-three analysis of the "paragraph B" criteria was not an RFC assessment, as the mental RFC assessment "at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment of the areas of mental functioning." (PageID.57.) As set forth above, the ALJ's RFC analysis aligned with this statement based on record evidence showing that Plaintiff's mental limitations were not as severe as he claimed. This feature of the ALJ's decision distinguishes it from *Ealy v. Commissioner of Social Security*, 594 F.3d 504 (6th Cir. 2010), and other similar cases Plaintiff cites. In *Ealy*, the Sixth Circuit held that remand was warranted because the ALJ's hypothetical to the VE did not accurately convey the speed-and-pace limitations in the physician's opinion that the ALJ had credited. *Id.* at 516. As the Sixth Circuit subsequently explained in *Smith-Johnson v. Commissioner of Social Security*, 579 F. App'x 426 (6th Cir. 2014), *Ealy* applies only where the medical source "place[s] concrete functional limitations on [the claimant's] abilities to maintain attention, concentration, or pace when performing simple, repetitive, or routine tasks." *Id.* at 437. That situation was not present here.

8

Turning to Dr. Wheeler's opinion, Plaintiff contends that the ALJ's reason for finding it only partially persuasive was "spurious." The ALJ evaluated the opinion as follows:

> The opinion of consultative examiner Samantha Wheeler, Ph.D. is at best partially persuasive. She opined that the claimant demonstrates no difficulty in understanding, remembering, and applying information; social interaction, and adapting or managing himself. (8F/5). This is consistent with the record and her exam of the claimant showing good memory, friendly, and good judgment and insight. (8F). However, she also opined that the claimant demonstrated marked difficulty in concentration, persistence, or pace based on his physical limitations. (8F/5). As his physical limitations are beyond the scope of her psychologic specialty, and is unsupported by the totality of the MER, this portion of her opinion is not persuasive.

(PageID.64.)

Because Plaintiff filed his applications after March 27, 2017, the ALJ evaluated the medical opinions pursuant to 20 C.F.R. § 404.1520c. This regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 404.1520c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* § 404.1520c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. *Id.* § 404.1520c(1)–(5). The ALJ must explain his or her consideration of the supportability and consistency factors, but absent circumstances not present here, is not required to explain how the remaining factors were considered. *Id.* § 404.1520c(b)(2), (3).

Plaintiff takes issue with the ALJ's conclusion that Dr. Wheeler's opinion regarding concentration, persistence, and pace strayed beyond her expertise because it dealt with his physical impairments. Plaintiff asserts that Dr. Wheler's opinion concerned his mental reaction to his pain

9

rather than his physical impairments. Her statement that "[h]e demonstrates marked difficulty with concentration, persistence or pace based on his physical limitations" (PageID523), is not entirely clear on the issue. Nonetheless, even crediting Plaintiff's argument, he fails to address the ALJ's separate ground that the opinion was inconsistent with the medical evidence in the record, which, as set forth above, failed to demonstrate consistent issues with concentration, persistence, or pace. Accordingly, the ALJ's evaluation of Dr. Wheeler's opinion satisfied the governing regulation and was supported by substantial evidence.

Finally, regarding Plaintiff's obesity, the ALJ stated:

> The claimant has a body mass index (BMI) of 34. (2F/3, 9F/9). A medically determinable impairment of obesity is determined when his or her weight, measured waist size, or BMI shows a consistent pattern of obesity. A BMI of 30 or greater is generally considered obese. I have considered the effect obesity has upon the claimant's ability to perform routine movement and necessary physical activity within the work environment, in accordance with SSR 19-2p. It is notable that the claimant's treatment providers have not noted in his medical record that the claimant is impaired functionally in any way by his obesity. Nevertheless, I have limited the claimant to reduced postural activities, in part as a result of obesity.

(PageID.62.) Despite the above statement, Plaintiff asserts that the ALJ erred by failing to consider the effects of obesity on Plaintiff's damaged weight-bearing joints. (ECF No. 19 at PageID.621–22.) Plaintiff criticizes the ALJ for simply observing (correctly) that no medical evidence from a treating source found that his obesity impaired his functionality in any way and failing to recognize that the combined effects of Plaintiff's obesity and his other impairments increased his pain-related symptoms. But the ALJ's discussion shows that he complied with SSR 19-2p by considering whether Plaintiff's obesity exacerbated his other impairments. In considering this issue, the ALJ reasonably and logically consulted the medical record to determine whether Plaintiff's providers had identified his obesity as a factor contributing to his functioning and found no such evidence.

Plaintiff's disagreement with the ALJ is supported by nothing more than his own opinion that his obesity must have exacerbated his other impairments. But this is nothing more than

speculation. The Social Security Administration states that it "will not make general assumptions about the severity or functional effects of obesity combined with another impairment(s)," 2019 WL 2374244, at *5, which is all Plaintiff offers. Instead, it "evaluate[s] each case based on the information in the case record." *Id.* "Plaintiff had the burden of showing specifically how his obesity, in combination with other impairments, limited his ability to a degree inconsistent with the ALJ's RFC determination." *Wagner v. Comm'r of Soc. Sec.*, No. 1:15-CV-558, 2016 WL 2585797, at *6 (W.D. Mich. May 5, 2016). Plaintiff did not meet this burden. *See id.* (noting that the plaintiff failed to point to specific evidence showing that his obesity was more limiting than the RFC). The Court, therefore, finds no error.

## II. Separation of Powers Issue

Finally, Plaintiff argues that he is entitled to relief on constitutional grounds. Specifically, he contends that the Social Security Administration's structure is constitutionally invalid because it violates the President's authority to supervise and remove executive branch officials. Plaintiff says that due to this unconstitutional structure, under which the Commissioners of Social Security were unlawfully appointed, the Commissioners had no valid authority to delegate to ALJs and the Appeals Council the task of finding facts and resolving claims for disability benefits. Plaintiff further argues that as a result of this constitutionally invalid structure, his hearing before the ALJ, the ALJ's decision, the adjudication process before the Appeals Council, and the Appeals Council's adjudication of his appeal, were all constitutionally invalid.

In rejecting this same argument, one court recently explained:

The Court first finds that Commissioner's final decision was not constitutionally defective. Recently, in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused his alleged harm. In *Collins*, the Court reasoned that the relevant agency officials were "properly appointed" pursuant to a statute that exhibited "no constitutional defect in the . . . method of appointment" and that "the unlawfulness of [a] removal

11

provision" does not strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at 1787,1788 n.23. In this case, Plaintiff, as in *Collins*, grounds his constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment and offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits. The Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the unconstitutional removal provision. However, *Collins* expressly rejects this view. *Id*. Therefore, the final decision of the ALJ is not constitutionally defective.

*Boger v. Kijakazi*, No. 1:20-CV-331-KDB, 2021 WL 5023141 at *3 (W.D.N.C. Oct. 28, 2021). The Court finds this rationale persuasive and notes that many other courts have likewise rejected this argument.[3] Plaintiff offers no evidence and makes only conclusory arguments that there exists

---

[3] *See, e.g., Jones v. Kijakazi*, 2022 WL 1016610 at *12 (D. Del. Apr. 5, 2022); *Michelle D. v. Kijakazi*, 2022 WL 972280 at *6 (N.D. Ill. Mar. 31, 2022); *Michael H. v. Comm'r of Soc. Sec.*, 2022 WL 768658 at *15-18 (W.D.N.Y. Mar. 14, 2022); *Tucker v. Kijakazi*, 2022 WL 742744 at *2-3 (S.D. Fla. Mar. 11, 2022); *Burrell v. Kijakazi*, 2022 WL 742841 at *5 (E.D. Pa. Mar. 10, 2022); *Platt v. Comm'r of Soc. Sec.*, 2022 WL 621974 at *5-6 (S.D.N.Y. Mar. 3, 2022); *Juliana Jolean A. v. Kijakazi*, 2022 WL 595361 at *1-5 (N.D.N.Y. Feb. 28, 2022); *Jason V. v. Comm'r of Soc. Sec.*, 2022 WL 575703 at *5-7 (W.D. Wash. Feb. 25, 2022); *Colbert v. Comm'r of Soc. Sec. Admin.*, 2022 WL 556738 at *2 (N.D. Ohio Feb. 24, 2022); *Kathy R. v. Kijakazi*, 2022 WL 42916 at *3-5 (D. Me. Jan. 5, 2022), *adopted by* 2022 WL 558359 (D. Me. Feb. 24, 2022); *Kreibich v. Kijakazi*, 2022 WL 538261 at *6 (W.D. Wis. Feb. 23, 2022); *Taffe v. Kijakazi*, 2022 WL 542884 at *9-11 (S.D. Cal. Feb. 22, 2022); *Kowalski v. Kijakazi*, 2022 WL 526094 at *9-12 (M.D. Pa. Feb. 22, 2022); *Twila D.B. v. Kijakazi*, 2022 WL 425936, at *2-4 (C.D. Cal. Feb. 10, 2022); *Pepper v. Kijakazi*, 2022 WL 391577 at *2-3 (D.S.C. Feb. 9, 2022); *Rhonda W. v. Comm'r of Soc. Sec.*, 2022 WL 390802 at *6-8 (S.D. Ohio Feb. 9, 2022); *Vickery v. Comm'r of Soc. Sec.*, 2022 WL 252464 (M.D. Fla. Jan. 27, 2022); *Carla D. v. Kijakazi*, 2022 WL 264460 at *1-3 (E.D. Wash. Jan. 27, 2022); *Ramos v. Comm'r of Soc. Sec.*, 2022 WL 105108 at *2-4 (E.D. Cal. Jan. 11, 2022); *Nudelman v. Comm'r of Soc. Sec. Admin.*, 2022 WL 101213 at *10-13 (D. Ariz. Jan 11, 2022); *Mor v. Kijakazi*, 2022 WL 73510 at *3-5 (D.N.J. Jan. 7, 2022); *Hutchens v. Kijakazi*, 2021 WL 5834409 at *6-14 (M.D.N.C. Dec. 9, 2021), *adopted by* ECF No. 24 (M.D.N.C. Jan. 5, 2022); *Olimpiada v. Kijakazi*, 2022 WL 19678 at *4-5 (D. Nev. Jan. 3, 2022); *Benavidez v. Kijakazi,* 2021 WL 6062715 at *4 (D.N.M. Dec. 22, 2021); *Wybo v. Kijakazi,* 2021 WL 6052423 at *4 (E.D. Ky. Dec. 21, 2021); *Nathanial H. v. Kijakazi*, 2021 WL 5921377 at *4-6 (D. Or. Dec. 15, 2021); *Clark v. Kijakazi*, 2021 WL 5905942 at *3-4 (E.D. Wis. Dec. 14, 2021); *Alice T. v. Kijakazi*, 2021 WL 5302141 at *18-19 (D. Neb. Nov. 15, 2021); *Robinson v. Kijakazi,* 2021 WL 4998397 at *3 (W.D.N.C. Oct. 27, 2021).

a nexus between the allegedly unconstitutional removal restriction and the denial of his application for benefits. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated above, the Commissioner's decision is **affirmed**. An order consistent with this opinion will enter.

Dated: July 7, 2022 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge